UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITE,
    an individual,

        Plaintiff,

V

CITY OF DETROIT
a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official
Capacities,

        Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith

**PLAINTIFF'S MOTION TO REISSUE SUMMONS FOR DEFENDANT LaSHAUNTIA OLIVER AND TO EXTEND TIME TO SERVE THE SUMMONS AND COMPLAINT**

---

## PLAINTIFF'S MOTION TO REISSUE SUMMONS FOR DEFENDANT LASHAUNTIA OLIVER AND TO EXTEND TIME TO SERVE THE SUMMONS AND COMPLAINT

NOW COMES, Plaintiff, Daniel White, by and through his attorneys the Law Offices of Ivan L. Land, P.C. and hereby moves this Honorable Court to reissue the summons to Defendant Lashauntia Oliver and extend the time allowed for Plaintiff to serve the summons and complaint.

Plaintiff relies on the attached brief in support of his Motion.

                                                  Respectfully Submitted,

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITE,
    an individual,

        Plaintiff,

V

CITY OF DETROIT
a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official
Capacities,

        Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REISSUE SUMMONS FOR DEFENDANT LASHAUNTIA OLIVER AND TO EXTEND TIME TO SERVE THE SUMMONS AND COMPLAINT**

---

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REISSUE SUMMONS FOR DEFENDANT LaSHAUNTIA OLIVER AND TO EXTEND TIME TO SERVE THE SUMMONS AND COMPLAINT

Plaintiff states the following in support of their above-captioned Motion:

### FACTUAL AND PROCEDURAL BACKGROUND

1.   WHEREAS, in accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly stated that "**I do not

3

  **oppose your Motion to Extend the Summons**" (See Exhibit 1, email dated April 28, 2025 from attorney Gregory Paddison).

2. This is a case, where Plaintiff, Daniel White, was the victim of the Detroit Police Department's Officers' unconstitutional conduct where he was falsely arrested and maliciously prosecuted from an incident stemming from February 2, 2023.

3. Plaintiff served Defendant City of Detroit with Plaintiff's complaint and summons on April 7, 2025 by personal delivery (ECF No. 5 PageID 73).

4. Defendant Oliver at all relevant times of this cause of action was a Detroit Police Officer. However, Defendant Oliver is no longer a Detroit Police officer.

5. Defendant Oliver is a defendant in another case involving the same transaction or occurrences that occurred in the case under Porcha Woodruff v LaShauntia Oliver / Case #: 5:23-cv-11886.

6. On April 16, 2025, after a hearing in Porcha Woodruff v LaShauntia Oliver, Plaintiff's counsel learned from Attorney Paddison that Defendant Oliver no longer lives in Michigan and had moved to Ohio.

7. Plaintiff immediately employed the services of a process server in the Ohio area named Cleveland Service.

8. The process server in Ohio has made diligent attempts to serve Defendant Oliver at her current address **** **** ***** **** Macedonia, OH 44056, but has not been successful and this has been very costly to Plaintiff (See Exhibit 2).

9. Plaintiff's process server's efforts have been completely exhausted.

10. Plaintiff attempted to serve Defendant Oliver through Attorney Paddison, but he indicated that, "I can't take any action on her [Defendant Oliver's] behalf until we get those back" (See Exhibit 3, email dated April 21, 2025 from attorney Gregory Paddison).

11. Defendant Oliver is aware of this pending action as stated in Paragraph 10, the required documentation has been sent to her.

## ARGUMENT

**1. All factors weigh in favor of granting the reissue of summons so that this case may be decided on its merits.**

Plaintiff asked this Honorable Court to reissue the summons for Defendant Oliver and allow Plaintiff to serve summons, along with the complaint, on Defendant Oliver, so that Plaintiff's claims may be fully heard and adjudicated. Defendant Oliver and her counsel are obviously aware of Plaintiff's Complaint. "[T]he core function of service is to supply notice of the pendency of a legal action[.]" *Henderson v. U.S.,* 517 U.S. 654, 672 (1996). Further, this Circuit's policy favors

resolving cases on their merits - because of these, and many other factors, the Court should grant Plaintiff an additional 60 days to effectuate service on Defendant Oliver.

According to *Burnett v. Martin*, 6:06-482-DCR, 2007 U.S. Dist. LEXIS 53939, at 6-7 (E.D. Ky. July 24, 2007):

> In *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (6th Cir. 2000), the Sixth Circuit identified several factors that may weigh in favor of granting a plaintiff an extension to serve the summons and complaint, including **(1) whether the claims would be barred by the statute of limitations if dismissed; (2) whether the defendant had notice so that he is not unfairly surprised by the suit; and (3) whether an extension would serve the "overall policy in this Circuit of resolving disputes on their merits."** Id. Other courts have also considered length of time requested and whether the plaintiff made a good faith effort for timely serve process. See *Becker*, 2006 U.S. Dist. LEXIS 95826, at 10–11.

Here, all three considerations easily weigh in Plaintiff's favor. First, at least two of Plaintiff's claims (false arrest and malicious prosecution) will be barred by the statute of limitation if Plaintiff's motion is not granted extending the summons and complaint.

Secondly, Defendant Oliver is aware of this pending matter as her attorney has sent her the necessary documentation to begin representing her in this matter. So, Defendant Oliver would not be unfairly surprised.

Thirdly, Plaintiff deserves his day in court and his case deserves to be adjudicated on its merits. Plaintiff is still deeply affected by the actions of the

6

Defendants and for the prior resolution of all of his claims to seemingly instantaneously reverse owing to a technicality offends notions of justice and fairness as well as this Circuits policy of adjudicating matters on their merits. *Burnett*, 2007 U.S. Dist. LEXIS 53939.

In *Davis v. Comm'r of Soc. Sec.*, No. 08-12596-BC, 2009 U.S. Dist. LEXIS 10347 (E.D. Mich. Feb. 10, 2009), the court rejected a magistrate judge's recommendation to deny a plaintiff's motion for reissuance of summons and an extension of time for service, with little explanation. "Here, Plaintiff… indicates that the previous summons have expired, and intends to provide service within thirty days. The Court will permit Plaintiff to do so." *Id.*

Similarly, in *Vandiver v. Corr. Med. Servs., Inc.*, No. 05-CV-72835-DT, 2006 U.S. Dist. LEXIS 73675 (E.D. Mich. Sep. 29, 2006), a magistrate had previously denied a plaintiff's motion to reissue summons and extend time for service, however, the district court stated that: "Because the court finds no authority for denying Plaintiff's motion, the court will direct the magistrate judge to order the U.S. Marshal to… effect service on Defendants[.]" *Id.*

MCR 2.102(D) states:

> "A summons expires 91 days after the date the summons is issued. However, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the summons is issued. If such an extension is granted, the new summons expires at

7

the end of the extended period. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses issued under subrule (A) do not extend the life of the original summons. The running of the 91-day period is **tolled** while a motion challenging the sufficiency of the summons or of the service of the summons is pending."

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court GRANT his Motion and order the following relief:

A. Reissue the Summons to Defendant; and

B. Extend the time for Plaintiff to serve the Summons and Complaint on Defendant LaShauntia Oliver for 60 days from the date of the order granting this Motion.

Respectfully Submitted,

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**