## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

DANIEL WHITE,                                          Hon. Mark A. Goldsmith

    Plaintiff,                                    Case No.: 2:25-cv-10306


- vs -


CITY OF DETROIT and LASHAUNTIA OLIVER,
    Defendants.

_____/

| | |
|---|---|
| LAW OFFICES OF IVAN L. LAND, P.C., | CITY OF DETROIT LAW DEPARTMENT |
| Ivan L. Land Sr. (P65879) | Gregory B. Paddison (P75963) |
| Attorney for Plaintiff | Attorney for Defendants |
| 25900 Greenfield, Rd., Ste. 210 | Coleman A. Young Municipal Center |
| Oak Park, MI 48237 | 2 Woodward Avenue, Suite 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| Ill4law@aol.com | (313) 237-0435 |
| | paddisong@detroitmi.gov |

_____/

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

**NOW COMES** Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and states in response to Plaintiff's First Discovery Requests:

Defendant makes the following general objections to Plaintiff's First Discovery Requests, which shall be deemed to apply to each and every individual Request set forth below.  A substantive response to any individual discovery request shall not be deemed a waiver of any General Objections.

A. Defendant objects to the Discovery Requests to the extent they seek information or documents not in the possession, custody or control of Defendants and an answer for which is one that Discovery will be needed to answer definitively, verify the allegation or refute the allegation.

B. Defendant objects to the Discovery Requests to the extent that they are vague, overly broad or unduly burdensome.

C. Defendant objects to the Discovery Requests to the extent that they seek information or documents not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

D. Defendant objects to the Discovery Requests to the extent they seek information or documents yet to be prepared, generated or received in anticipation of, or after the commencement of this litigation; documents or other information subject to an attorney-client privilege, the work product doctrine or any other available privilege, doctrine, rule, immunity or protection; or documents or other information otherwise protected from discovery.

E. Defendant objects to the Discovery Requests to the extent that they impose upon Defendants any obligation beyond its obligations under the Michigan and/or Federal Court Rules.

F. Defendant objects to the Discovery Requests to the extent that they seek disclosure of proprietary or confidential information or documents.

G. Defendant objects to the Discovery Requests to the extent that they seek information or documents in the possession of the Plaintiff or third parties.

H. Defendant objects to the Discovery Requests to the extent that they are duplicative (in whole or in part) of other requests and/or arguable seek the same information.

I. Defendant reserves the right to supplement, amend or correct any and all if its responses and objections herein continues.

J. These General Objections are incorporated by reference into each response provided below, and the inclusion of any specific objections in a response to any

Interrogatory is neither intended as, nor shall it in any way be deemed to be a waiver of any General Objection.  In addition, the failure to include at this time any general or specific objection to a Discovery Request is neither intended as, nor shall it in any way be deemed to be a waiver of Defendants' right to assert that or any other objection at a later date.

K. Defendant reserves the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

### RESPONSES TO REQUESTS FOR ADMISSION

1. Please admit that the victim of the armed robbery and carjacking under case #:

23-055440-01 in the 36th District Court - stated that the male suspect was between

25 and 27 years of age.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that it is Defendant's understanding that the victim stated to other members of law enforcement that he estimated that the male suspect was between 25 and 27 years of age.**

2. Please admit that the victim of the armed robbery and carjacking under case #:

23-055440-01 in the 36th District Court - stated that the male suspect weighed

between 135 and 150 pounds.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that it is Defendant's understanding that the victim stated**

**to other members of law enforcement that he believed the male suspect was between 135 and 150 pounds.**

3. Please admit that the victim of the armed robbery and carjacking under case #:

   23-055440-01 in the 36th District Court - stated that the male suspect had braids.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that it is Defendant's understanding that the victim stated to other members of law enforcement that he believed the male suspect "might" have had braids, but emphasized that he was unsure of this.**

4. Please admit that when Plaintiff was arrested in the vehicle that is the subject of

   this case, Plaintiff's seven-year-old son was an occupant of the vehicle.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that it is Defendant's understanding, based upon information provided to her by other members of law enforcement that when Plaintiff was arrested in the vehicle that had been stolen from Lawrence Walker, Plaintiff's seven-year-old son was present.**

5. Please admit that Plaintiff stated during an interrogation by Officer Gray and

   Officer Glover prior to the request for arrest warrant being submitted, Plaintiff

   informed officers that he purchased the vehicle that is the subject of this case for

   $2,000, and that the registration paperwork was inside the vehicle.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that it is Defendant's understanding, based upon information provided to her by other members of law enforcement that Plaintiff denied involvement in the carjacking.**

6. Please admit that you, LaShauntia Oliver, omitted from the request for arrest warrant that the victim claimed the male suspect was between 25 and 27 years old.

**RESPONSE: Defendant denies this request as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that Defendant did not reference the age that the victim believed the male suspect to be in the "Details of the Investigation" portion of the Warrant Request.**

7. Please admit that you, LaShauntia Oliver, omitted from the request for arrest warrant that the victim claimed the male suspect weighed between 135 and 150 pounds.

**RESPONSE: Defendant denies this request as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that Defendant did not reference the weight that the victim believed the male suspect to be in the "Details of the Investigation" portion of the Warrant Request.**

8. Please admit that you, LaShauntia Oliver, omitted from the request for arrest warrant that Plaintiff stated he purchased the vehicle for $2,000, and that the registration paperwork was inside the vehicle.

**RESPONSE: Defendant denies this request as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that Defendant did not reference how Plaintiff claimed to have come into possession of the vehicle in the "Details of the Investigation" portion of the Warrant Request.**

9. Please admit that you, LaShauntia Oliver, omitted from the request for arrest warrant that when Plaintiff was arrested in the vehicle that is the subject of this case, that Plaintiff's seven-year-old son was an occupant of the vehicle.

**RESPONSE: Defendant objects to this request to the extent that it calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Subject to, and without waiving said objections, Defendant denies this request as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that Defendant did not reference that Plaintiff's son was present at the time of his arrest in the "Details of the Investigation" portion of the Warrant Request.**

10. Please admit that you, LaShauntia Oliver, omitted from the request for arrest warrant that the victim claimed the male suspect had braids.

**RESPONSE: Defendant denies this request as untrue.**

**In the spirit of good-faith and cooperation however, Defendant admits this request to the extent that Defendant did not reference the hairstyle that the victim believed the male suspect to be in the "Details of the Investigation" portion of the Warrant Request.**

11. Please admit that you, LaShauntia Oliver, did not question the victim about the difference between the physical characteristics of the male suspect, and Plaintiff

once the victim identified Plaintiff as the male suspect in the photo lineup. If this answer is not an admission, please state in detail the conversation you had with the victim regarding the difference in the physical appearance.

**RESPONSE: Defendant objects to this request to the extent that it lacks foundation and assumes facts not in evidence. Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation, Defendant admits this request to the extent that it calls upon Defendant to admit that she did not question the victim regarding the suspect and/or Plaintiff's physical appearance after Plaintiff had been identified in the photo lineup.**

12.Please admit that all of the photos in the lineup were men that were at least 40 years of age with bald heads.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue. Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation Defendant states that when searching for images to be included in a photo-lineup Defendant would set search parameters to locate images of "filler" photographs, who were within five (5) years of age (younger and/or older) as the suspect whose image was also to be included.**

13.Please admit that you, LaShauntia Oliver, were at the Detroit Detention Center on the morning of February 3, 2023, prior to the lineup being prepared.

**RESPONSE: Defendant denies this Request to Admit as untrue.**

14.Please admit that Plaintiff stated that he had a Facebook account during an interrogation by Officer Gray and Officer Glover prior to the request for arrest warrant being submitted.

**RESPONSE: Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue. Defendant reserves the right to Amend and/or Supplement her**

response as additional information becomes known during the course of discovery, up to and including, the date of Trial.

15. Please admit that you, LaShauntia Oliver, did not check Plaintiff's Facebook account prior to submitting the request for arrest warrant to determine his location on January 29, 2023, the night of the alleged armed robbery and carjacking.

**RESPONSE: Defendant objects to this request to the extent that it is compound, lacks foundation, and assumes facts not in evidence. Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation, Defendant admits this request to the extent that it calls upon Defendant to admit that she did not search Plaintiff's social media prior to submitting the request for warrant.**

16. Please admit that you, LaShauntia Oliver, through your attorney stated on September 18, 2025, at Plaintiff's deposition that Plaintiff did not commit the armed robbery and carjacking that is the subject of this civil suit.

**RESPONSE: Defendant objects to this request as to relevance. Defendant objects further to the extent that this request assumes facts not in evidence. Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation, Defendant lacks sufficient personal knowledge upon which she may formulate a response to this request, and therefore denies the same as untrue.**

17. Please admit that you, LaShauntia Oliver, failed to conduct any investigation to determine whether Plaintiff committed the armed robbery and carjacking against the victim other than relying on the victim's identification of Plaintiff in a lineup. If this answer is not an admission, please state in detail the investigation you, LaShauntia Oliver, conducted.

**RESPONSE: Defendant denies this request as untrue. Defendant objects to the balance of this request as an Interrogatory, disguised as a request for admission.**

18. Please admit that you, LaShauntia Oliver, viewed video footage of the BP gas station located at 6240 Van Dyke Rd., Detroit, MI 48213 on January 31, 2023 prior to having the video extracted.

**RESPONSE: Defendant is unable to respond to this request as posed, and therefore denies the same as untrue.**

**More specifically, and in the spirit of good-faith and cooperation, Defendant observed video footage from the above-mentioned location on two (2) separate occasions. On January 31st, 2023, Defendant viewed video footage from the above location that was captured by surveillance cameras on January 30, 2023. This video was extracted on February 1, 2023.**

**Thereafter, on February 2, 2023, Defendant viewed video footage from the above location that was captured by surveillance cameras on January 29, 2023. This video was extracted on February 4, 2023.**

19. Please admit that you, LaShauntia Oliver, presented the Lineup Instructions attached as Exhibit 1 to victim prior to reviewing any photo lineup of Plaintiff, and both you and the victim signed the document.

**RESPONSE: Defendant admits this request.**

## RESPONSES TO INTERROGATORIES

1. Identify each and every person interviewed in connection with the investigation that led to Plaintiff's arrest, including the person's name, last known address, telephone number, and the date and location of the interview.

**RESPONSE: Defendant objects to this Interrogatory to the extent that it is overly broad and vague. Defendant objects further to the extent that this request calls for a narrative response. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, as Defendant understands this Interrogatory, upon information and belief, the only "interview(s)" that "led to Plaintiff's arrest" was of the victim of the carjacking and armed robbery, Mr. Lawrence Walker ("Mr. Walker"), who was interviewed by Det. Anthony Flether, in-person, on January 29, 2023. Defendant is uncertain where this interview took place, but believes it was held at a Detroit Police Department ("DPD") precinct. On February 2, 2023, Defendant interviewed Mr. Walker while at a DPD location at 1180 Oakman, in Detroit. Please refer to Defendant's Witness List for the known contact information. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

2. Describe in detail your, LaShauntia Oliver, role in the investigation that led to Plaintiff's arrest, including the specific tasks you performed and the dates those tasks were performed.

**RESPONSE: Defendant objects to this Interrogatory to the extent that it is overly broad and vague. Defendant objects further to the extent that this Interrogatory calls for a narrative response. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, as Defendant understands this Interrogatory, Defendant was assigned as the Officer in Charge ("OIC") of the carjacking and armed robbery of Mr. Walker. The specific tasks that Defendant performed during "the investigation that led to Plaintiff's arrest" are as follows:**

**January 30, 2023:** **Defendant was assigned as the OIC of the criminal investigation.**

**January 31, 2023:** **Defendant contacted Mr. Walker using his mother's phone number. During this discussion Mr. Walker advised that he had his cell phone in his possession and stated the phone was dropped off at 6420 Van Dyke by a female and that the clerk answered the phone when the phone rang so that is how he was able to retrieve it.**

|  | Defendant made the above-referenced location and observed video surveillance, from January 30, 2023, depicting a woman matching the physical description given by Mr. Walker of the female accomplice returning Mr. Walker's cell phone. Defendant submitted an AVERT request for extraction the video, which occurred on February 1, 2023. |
|---|---|
| **February 1, 2023:** | Defendant submitted a Facial Recognition request to DPD's crime intelligence unit for the suspected female accomplice observed in the surveillance video from January 30, 2023, referenced above. |
| **February 2, 2023:** | Defendant interviewed Mr. Walker while at a DPD location at 1180 Oakman, in Detroit. During this interview Mr. Walker supplemented his original statement to Det. Anthony Fletcher, adding in relevant part that after he'd met the female accomplice, the two went to Bellagio Liquor parking lot where they engaged in sexual intercourse. Mr. Walker stated that he and the female accomplice then drove to the BP gas station located at 6420 Van Dyke, where he reported that he observed the female suspect interact with several individuals. Shortly after leaving this location Mr. Walker drove the female accomplice to the area of Bessemore and Gratiot where he was then carjacked. |
|  | Upon information and belief, this interview concluded contemporaneously with Plaintiff's arrest while driving Mr. Walker's stolen vehicle. |

**Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

3.    Identify all law enforcement agencies, departments, or other entities that

assisted, cooperated, or otherwise participated in the investigation of Plaintiff

as it relates to the criminal case that is the subject of this civil suit.

**RESPONSE: Upon information and belief, the following "law enforcement agencies, departments, or other entities" having a role in the investigation of Plaintiff include, but are not limited to: Detroit Police Department, Wayne County Prosecutor's Office, 36th Judicial District Court, Law Enforcement Information Network, Oakland County Sheriff's Office, State of Michigan, Michigan Department of Corrections, Federal Bureau of Investigation, Project Greenlight, Statewide Network of Agency Photographs, DataWorks Plus, Michigan State Police, 3rd Circuit Court. Please refer to Defendant's Witness List. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

4.    Identify each person who photographed or recorded video of the vehicle and its contents, including their name, position, telephone number and the date such photographs or videos were taken.

**RESPONSE: Defendant is unable to respond to this vague and ambiguous request.  In the spirit of good-faith and cooperation, and proceeding under the assumption that "the vehicle" refers to the vehicle that was stolen from Mr. Walker, Defendant is aware of images/recordings of the vehicle being captured on surveillance cameras from the above-referenced BP Gas Station on January 29, 2023, the body-worn camera of officer Justin Wilcox following Plaintiff's arrest on February 2, 2023, surveillance cameras from a Dollar General store located at 1727 E. State Fair captured at an unknown date, and potentially a number of license plate readers.  Please refer to Defendant's Witness List. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

5.    Please state the following for any communication between you, LaShaunita Oliver, and the victim regarding the carjacking/ robbery after the warrant was issued.

     i.    Subject of those communications;

     ii.    The dates of those communications;

     iii.     The manner in which those communications were held;

     iv.     Name(s) and Telephone Number(s) of any officer(s) that were present  during those communications.

**RESPONSE: To the best of Defendant's recollection, on March 8, 2023, Defendant spoke with Mr. Walker and advised him that she would deliver his subpoena for court. Upon information and belief, this communication was had via telephone.  Defendant does not recall if any other law enforcement officers were present at the time of, or overhead, this discussion.**

**Again, to the best of Defendant's recollection, on either March 8, 2023, or shortly thereafter, Defendant delivered the subpoena to Mr. Walker, whom stated that he was not sure if he was going to attend court, to which Defendant advised him his presence was needed. Upon information and belief, this conversation was held in-person and to the best of Defendant's recollection, no other law enforcement personnel were present.**

**Please refer to Defendant's Witness List.  Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

6.     Describe any statements made by alleged co-defendants, suspected co-defendants, victims, or witnesses in the criminal case that LaShauntia Oliver personally heard, reviewed, or relied upon in connection with the investigation of Plaintiff.

**RESPONSE: Defendant objects to this request to the extent that it is overly broad, vague, and unduly burdensome. Defendant is unable to recall all statements she personally heard, reviewed, or relied upon, as opposed to what statements were summarized for her by fellow members of the Detroit Police Department and/or other assisting Law Enforcement Agencies.  Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, records of any such statements whether provided directly to Defendant, or**

**received by Defendant from an assisting Officer are contained in the documents, reports, records, statements, and/or media previously produced with Defendant's Initial Disclosures. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

7.  Identify all documents, reports, notes, or recordings prepared or reviewed by you, LaShauntia Oliver, in connection with the investigation, arrest, or prosecution of Plaintiff.

**RESPONSE: Defendant objects to this request to the extent that it is overly broad, vague, and unduly burdensome. Defendant is unable to recall all statements she personally heard, reviewed, or relied upon, as opposed to what statements were summarized for her by fellow members of the Detroit Police Department and/or other assisting Law Enforcement Agencies.  In the spirit of good faith and cooperation, records of any such statements whether provided directly to Defendant, or received by Defendant from an assisting Officer are contained in the documents, reports, records, statements, and/or media previously produced with Defendant's Initial Disclosures. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

8.  Identify all communications (oral, written, or electronic mail) between you, LaShauntia Oliver, and any prosecutor, law enforcement officer, or third-party concerning Plaintiff and the criminal matter that is the subject of this civil suit.

**RESPONSE: Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant also objects to the extent that this request calls for the production of information that is protected from disclosure by attorney-client privilege, the work-product doctrine, and/or the self-critical analysis doctrine.  Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation, Defendant does not recall all**

communications she may have had "concerning Plaintiff and the criminal matter that is the subject of this civil suit," but states that she may have communicated with any individual identified in the documents, reports, records, statements, and/or media previously produced with Defendant's Initial Disclosures. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.

9.    State whether you, LaShauntia Oliver, have ever been disciplined, reprimanded, or investigated by any law enforcement agency, employer, or oversight body in relation to conduct during criminal investigations, and if so, describe the circumstances.

**RESPONSE: Defendant objects to this request to the extent that it calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, Defendant was investigated by the Detroit Police Department Internal Affairs Division in relation to the arrest of Porcha Woodruff, who was originally but incorrectly identified as the female accomplice to the underlying carjacking and armed robbery giving rise to this action. Defendant was not disciplined as a result of the investigation. Defendant is not aware of any further disciplinary action, reprimands, or investigations in relation to Defendant's conduct during criminal investigations. Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

10.   Identify all persons who have knowledge of the facts surrounding Plaintiff's arrest, the investigation leading up to Plaintiff's arrest, or the handling of evidence related to the vehicle that is the subject of this case.

**RESPONSE: Defendant objects to this request to the extent that it calls upon Defendant to speculate as to the knowledge of other persons. Subject to, and without waiving said objections, and in the spirit of good-faith and cooperation,**

**please refer to Defendant's Witness and Exhibit Lists, Initial Disclosures, and the documents, reports, records, statements, and/or media previously produced with Defendant's Initial Disclosures, for the identities of all individuals presently known to Defendant who may possess information responsive to this Request.  Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

11.     Please state how many hours were there between the time the victim chose Plaintiff in the photo lineup, and when the request for arrest warrant was submitted to the Wayne County Prosecutors Office.

**RESPONSE: Plaintiff was identified as the male suspect in the underlying carjacking and armed robbery investigation on February 3, 2023, at approximately 2:00 p.m. A draft of the Request for Warrant was first submitted for review to a Prosecutor at the Wayne County Prosecutor's on February 4, 2023, at approximately 8:35 a.m. (18 Hours & 35 Minutes). After making revisions to the Request for Warrant at the behest of a Wayne County Prosecutor, an Amended Request for Warrant was submitted to the Wayne County Prosecutor's Office roughly an hour-and-a-half later, at 10:14 a.m. (20 hours & 14 minutes). Roughly one-half hour later, at 10:45 a.m., the Warrant Request, approved by the Wayne County Prosecutor's Office, was sent to the 36th District Court (20 hours & 45 minutes).  Defendant will testify further and reserves the right to supplement and/or amend her response to this request as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

12.     Please state whether you, LaShauntia Oliver, requested a material witness warrant for the victim when he failed to appear for Plaintiff's Preliminary Examination on March 13, 2023 in the 36th District Court. If not, please explain why not.

**RESPONSE: Defendant did not request a material witness warrant for Mr. Walker when he failed to appear for Plaintiff's Preliminary Examination on March 13, 2023, in the 36th District Court. Defendant did not request a material**

**witness warrant for Mr. Walker based on Defendant's conversations with superiors and colleagues, during which it was decided that given Mr. Walker's unwillingness to participate in continued criminal proceedings, Defendant's time would be put to better use in assisting in other ongoing and newly developing criminal investigations.**

13.  Please state whether you, LaShauntia Oliver, asked the victim why he failed to appear at Plaintiff's Preliminary Examination on March 13, 2023 in the 36th District Court. If so, what was victim's reason for failing to appear. If you didn't ask victim, why not.

**RESPONSE: Defendant attempted to contact Mr. Walker after he failed to appear at Plaintiff's Preliminary Examination. Defendant cannot recall how many times she attempted to contact Mr. Walker to discuss his non-appearance at Plaintiff's Preliminary Examination. Mr. Walker did not respond to Defendant's efforts to contact him.**

## RESPONSE TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.  Please produce any and all video recordings related to the underlying criminal case, including but not limited to any interviews of co-defendants, individuals suspected of being co-defendants prior to April 2023, victims, witnesses, and any other persons interviewed in connection with the case.

**RESPONSE: All materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto. Defendant reserves the right to supplement her responses as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

2.  Please produce a headshot photo of you, LaShauntia Oliver.

**RESPONSE**: Defendant objects to this request to the extent that it requests the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.  Defendant objects further to the extent that this request calls for the production of information protected from disclosure pursuant to *Kallstrom v. City of Columbus*, 136 F.3d 1055 (1998).

3.      Please produce a headshot photo of Deputy Donald Greenwald.

**RESPONSE**: Defendant objects to this request to the extent that it requests the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.  Defendant objects further to the extent that this request calls for the production of information protected from disclosure pursuant to *Kallstrom v. City of Columbus*, 136 F.3d 1055 (1998). Defendant objects further to the extent that this request calls for the production of information that is not in the possession of, nor reasonable accessible to Defendant.

4.      Please produce any and all photos of the vehicle that was the subject of the

        criminal case and any photographs of the vehicle's contents.

**RESPONSE**: All materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto. Defendant reserves the right to supplement her responses as additional information becomes known during the course of discovery, up to and including, the date of Trial.

5.      Please produce any and all documents, records, or reports relating to the

        vehicle that was the subject of the criminal case.

**RESPONSE**: Defendant objects to this request to the extent that it calls for the production of information protected from disclosure by attorney-client privilege, the work-product doctrine, and/or the self-critical analysis doctrine. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, all materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto.

**Defendant reserves the right to supplement her responses as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

6.      Please produce any and all incident reports, police reports, arrest reports, witness statements, supplemental reports, or other written materials concerning the investigation that resulted in Plaintiff's arrest.

**RESPONSE: Defendant objects to this request to the extent that it calls for the production of information protected from disclosure by attorney-client privilege, the work-product doctrine, and/or the self-critical analysis doctrine. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, all materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto. Defendant reserves the right to supplement her responses as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

7.      Please produce any and all internal memoranda, emails, text messages, or other correspondence between you, LaShauntia Oliver, and law enforcement, prosecuting agencies, or other third parties concerning Plaintiff or the criminal case.

**RESPONSE: Defendant objects to this request to the extent that it calls for the production of information protected from disclosure by attorney-client privilege, the work-product doctrine, law enforcement/investigative privilege, and/or the self-critical analysis doctrine. Defendant objects further to the extent that this request is overly broad and unduly burdensome. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, all materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto. Defendant reserves the right to supplement her responses as additional information**

**becomes known during the course of discovery, up to and including, the date of Trial.**

8.      Please produce any and all documents, communications, reports, notes, photographs, recordings, electronically stored information generated, or discovery materials collected, or maintained by you, LaShauntia Oliver, or any law enforcement agency in connection with the investigation, arrest, or prosecution giving rise to this action.

**RESPONSE: Defendant objects to this request to the extent that it calls for the production of information protected from disclosure by attorney-client privilege, the work-product doctrine, law enforcement/investigative privilege, and/or the self-critical analysis doctrine.  Defendant objects further to the extent that this request is overly broad and unduly burdensome.  Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, all materials in Defendant's possession, custody, or control, which are or may be responsive to this request were previously produced as part of Defendant's Initial Disclosures, and/or have been attached hereto. Defendant reserves the right to supplement her responses as additional information becomes known during the course of discovery, up to and including, the date of Trial.**

9.      Please provide the Detroit Police Departments' Policy that states the Commercial Auto Theft unit does not have to wear body cameras.

**RESPONSE: Defendant has requested, but not yet received materials which are responsive to this request.  Upon receipt of these materials, Defendant will produce the same as a supplemental response to this request.**

**\*\*\* REMAINDER OF PAGE INTENTIONALLY LEFT BLANK \*\*\***

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 6, 2025                    /s/    Gregory B. Paddison
                                                 Gregory B. Paddison (75963)
                                                 Attorney for Defendant

Dated: October 6, 2025                    /s/    

LaShauntia Oliver
Defendant