# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DANIEL WHITE,**

                               Hon. Mark A. Goldsmith
                               Case No.: 25-cv-10306

      Plaintiff,

-v-

~~CITY OF DETROIT~~ and
**LASHAUNTIA OLIVER,**

      Defendant.

| | |
|---|---|
| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

### DEFENDANT'S MOTION IN LIMINE #4
### TO EXCLUDE REFERENCE TO NEWSPAPER ARTICLES AND OTHER MEDIA REPORTS OR TELEVISION BROADCASTS REGARDING UNRELATED INCIDENTS INVOLVING ALLEGATIONS OF POLICE MISCONDUCT

Defendant moves to preclude Plaintiff from presenting evidence, argument, or comment from any source whatsoever, regarding news articles or other journalist publications related to other allegations of police misconduct and/or the named

1

defendant officers.  Defendant speculates that Plaintiff and/or his witnesses may refer to news articles/stories/events about allegations of wrongful conduct by the Individual Defendants, the Detroit Police Department, or law enforcement generally.

The Court should exclude all such testimony on several grounds. First, any such evidence would have no relevance to the issues in this case. Every set of facts is unique; what may have happened on a single occasion in another citizen encounter has no relevance to the allegations set forth by Plaintiff.  Additionally, pursuant to Fed. R. Evid. 401, evidence is not considered relevant unless (1) it has a tendency to prove or disprove a fact, and (2) that fact is of some consequence in the context of the other facts and the applicable substantive law.  Any evidence regarding other cases in which the Individual Defendant, the Detroit Police Department, or law enforcement generally, were accused of any malfeasance would be irrelevant to the facts of this case, and the evidence must be prohibited.

Under Fed. R. Evid. 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Any references to media reports of such other incidents should be prohibited under the evidence rules relating to relevance, reliability and hearsay, including but not limited to Fed. R. Evid. 401, 602, 603, 612, 701, 801-805, and 901.

At trial, Plaintiff may reference or attempt to admit into evidence media articles pertaining to other incidents involving allegations of police misconduct.  Media articles are generally considered hearsay under Fed. R. Evid. 801(c) because they are offered to prove the truth of the matter asserted.[1]  "Even when the actual statements quoted in a[n] ... article constitute non-hearsay, or fall within a hearsay exception, their repetition in the newspaper [or other media source] creates a hearsay problem. Thus, statements in [articles] often constitute double hearsay."[2]

In the present case, any media articles Plaintiff may seek to introduce are double hearsay and should be excluded from this trial. Even if Plaintiff were to assert the articles are admissible under the residual hearsay exception found in Rule 807, his argument must fail. Fed. R. Evid. 807 provides:

---

[1] *Green v. Baca,* 226 F.R.D. 624, 637 (C.D. Cal. 2005). Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted. See *U.S. ex rel. Woods v. Empire Blue Cross and Blue Shield,* 2002 WL 1905899, *1, n. 1 (S.D.N.Y. April 19, 2002); *In re Columbia Securities Litigation,* 155 F.R.D. 466, 474 (S.D.N.Y.1994) [holding that press reports were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted). Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. See *Larez, supra,* 946 F.2d at 642 (9th Cir 1991) ["As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem"].

[2] *Id.* at 637-38. See also, *United States Football League v. Nat'l Football League,* 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986) (holding that statements of belief by unknown declarants reiterated in a newspaper article constituted hearsay within hearsay).

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

Fed. R. Evid. 402 provides in relevant part, "[e]vidence which is not relevant is not admissible." Articles about, or discussions concerning, unrelated incidents involving allegations of police misconduct do not establish that Plaintiff was subjected to a constitutional violation.

Assuming, however, the Court were to find any articles are relevant to this case, they must still be excluded under Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."   Applying Fed. R. Evid. 403 here, the Court should conclude the articles are more prejudicial than probative because they are inaccurate, inflammatory, and based on innuendo, hearsay and speculation. Moreover, any articles concerning unrelated incidents will confuse the issues, mislead the jury, cause undue delay and waste time because the articles need to be explained and reporters may need to testify

4

about them. Accordingly, this Court should deny Plaintiff's request to introduce into evidence any articles about the underlying incident or prior instances of alleged police misconduct.

Defendant sought concurrence in the relief stated in this motion by electronic mail to Plaintiff on July 17, 2026. Plaintiff did not respond prior to the filing of this motion.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

5

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DANIEL WHITE,**

       Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and
LASHAUNTIA OLIVER,**

       Defendant.

Hon. Mark A. Goldsmith
Case No.: 25-cv-10306

---

| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
|---|---|
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #4**

**Concise Statement of Issues Presented**

Should this Court preclude any reference or discussion regarding evidence of, or reference to, unrelated incidents involving allegations of police misconduct, consent decree, or police/public relations or perceptions generally?

Defendant's Answer: Yes

**Controlling Authority**

Rules:

Fed. R. Evid. 401-403

Fed. R. Evid. 602

Fed. R. Evid. 603

Fed. R. Evid. 612

Fed. R. Evid. 701

Fed. R. Evid. 801-805

Fed. R. Evid. 901

Cases:

*Green v. Baca,* 226 F.R.D. 624, 637 (C.D. Cal. 2005).

*United States Football League v. Nat'l Football League,* 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986)

For their brief, Defendant relies upon the facts and law presented in their motion.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

**Certificate of Service**

I hereby certify that on July 17, 2026, the foregoing was served on counsel of record via the court's ECF system.

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

8