# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DANIEL WHITE,**

Hon. Mark A. Goldsmith
Case No.: 25-cv-10306

Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and
LASHAUNTIA OLIVER,**

Defendant.

| | |
|---|---|
| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

## DEFENDANT'S MOTION IN LIMINE #5
## TO EXCLUDE REFERENCE TO CHIEF WHITE PRESS CONFERENCE

Defendant moves to preclude Plaintiff from offering testimony, evidence, or argument at trial related to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment. Any such evidence should be excluded because it is irrelevant, confuses the issues, is

1

misleading to the jury, and any probative value is substantially outweighed by unfairly prejudicial risk. FRE 401-403.

In support of his argument that there was a lack of probable cause to support the prosecution of Plaintiff, Plaintiff's Response to Defendant's Motion for Summary Judgement states "[t]his is further confirmed by Chief White's statements regarding the lack of investigation in this case" and attaches as an exhibit the referenced Chief White Press Conference. See ECF No. 27, PageId. 673; ECF No. 27-6. Defendant anticipates Plaintiff intends to reference the same at trial.

FRE 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Evidence that is not relevant is not admissible. FRE 402. The referenced Chief White Press Conference is irrelevant because it pertains entirely to the use of facial recognition technology and the use of photographs generated by facial recognition technology in photo line ups to identify suspects. While it is about a lady incorrectly identified as a suspect in the same crime that Plaintiff was identified as a suspect in, it makes no mention of Plaintiff and Plaintiff was not identified in the same manner as the lady that the press conference discusses. The press conference also discusses the importance of having corroborating evidence in addition to a photo lineup identification for the purpose of probable cause. In the matter at hand, Plaintiff was subjected to a traffic investigation

and detained while driving the relevant stolen vehicle, admitted to knowing the correct lady suspect, and was identified by the victim in a photo lineup utilizing Plaintiff's image that was not generated by facial recognition technology. The referenced press conference does not amount to evidence of there being a lack of probable cause to support the prosecution of Plaintiff and is wholly irrelevant to Plaintiff's claims.

Even relevant evidence should be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. The use of facial recognition technology and photo lineups created from facial recognition technology are not issues for trial in this matter and any reference to the same would confuse the issues and mislead the jury. Further, any reference to the Chief White Press Conference would indubitably be given more consideration than warranted under any purpose Plaintiff may seek to present it for. Additionally, it would inappropriately appeal to the jury's sympathies.

Defendant sought concurrence in the relief stated in this motion by electronic mail to Plaintiff on July 17, 2026. Plaintiff did not respond prior to the filing of this motion.

Wherefore, Defendant respectfully requests that this Honorable Court grant their motion and enter an order precluding Plaintiff from offering testimony, evidence, or argument at trial related to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DANIEL WHITE,**

           Hon. Mark A. Goldsmith
           Case No.: 25-cv-10306

      Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and**
**LASHAUNTIA OLIVER,**

      Defendant.

---

| | |
|---|---|
| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION LIMINE #5

5

**Concise Statement of Issues Presented**

Should this Court exclude reference to the Chief White Press Conference relied upon

in Plaintiff's Response to Defendant's Motion for Summary Judgment?

      Defendant's Answer: Yes

**Controlling Authority**

Rules:

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Cases:

*Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)

*Hodge v. City of Elyria,* 126 Fed. Appx. 222, 224 (6th Cir. 2005)

For their brief, Defendant relies upon the facts and law presented in their motion.

Wherefore, Defendant respectfully requests that this Honorable Court grant their motion and enter an order precluding Plaintiff from offering testimony, evidence, or argument at trial related to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

## Certificate of Service

I hereby certify that on July 17, 2026, the foregoing was served on counsel of record via the court's ECF system.

**Chelsea M. Grimaldi (P85585)**