**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WHITE,
  an individual,

                Plaintiff,

v.

CITY OF DETROIT
  a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official Capacities,

                Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith

**PLAINTIFF'S**
**MOTION IN LIMINE**
**TO BAR REFERENCE**
**TO PLAINTIFF'S**
**PRIOR CRIMINAL**
**HISTORY AND**
**INCARCERATIONS**

---

**PLAINTIFF'S MOTION IN LIMINE TO BAR ARGUMENT OR**
**EVIDENCE OR REFERENCE TO PLAINTIFF'S PRIOR CRIMINAL**
**CONVICTIONS, ARRESTS, OR INCARCERATIONS**

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

NOW COMES Plaintiff, Daniel White, by and through his attorneys, Law Offices of Ivan L. Land, P.C., and moves this Court to enter an order consistent with the following Motion in Limine. In support, Plaintiff states as follows:

1

LOCAL RULE CERTIFICATION: I, Ivan L. Land, certify that this document complies with Local Rule 5.1(a) including double spacing (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for nonproportional fonts) or 14-point (for proportional fonts). I certify that it is the appropriate length. Local Rule 7.1(d)(3).

## I. BARRING REFERENCES TO CRIMINAL CONVICTIONS

1. Plaintiff anticipates that Defendants may seek to question Plaintiff or other witnesses regarding Plaintiff's criminal convictions.

2. Any prior conviction is irrelevant unless Defendants first establish, outside the presence of the jury, a permissible and specific basis for admission under the Federal Rules of Evidence.

3. To the extent Defendants seek to use any conviction for impeachment, Federal Rule of Evidence 609 limits admissibility to convictions carrying the requisite probative value and subjects any proposed evidence to the balancing required by Federal Rule of Evidence 403.

4. Convictions that do not involve a dishonest act or false statement have little or no bearing on truthfulness. Moreover, any conviction unknown to Officer Oliver at the time she investigated, sought charges, or participated in

Plaintiff's prosecution cannot support the reasonableness of her conduct in this case.

## II.   ARRESTS AND LAW ENFORCEMENT CONTACT ARE INADMISSIBLE

5.   Arrests, accusations, investigations, and other law enforcement contact are not convictions and do not establish that Plaintiff committed any misconduct.

6.   Any reference to arrests, non-conviction conduct, or law enforcement contact would invite the jury to decide this matter on an improper propensity theory rather than the evidence concerning the investigation, arrest, and prosecution challenged in this action.

7.   Such evidence is inadmissible under Federal Rules of Evidence 401, 402, 403, and 404(b) because it is irrelevant, unfairly prejudicial, and likely to confuse the issues.

## III.   PRIOR INCARCERATIONS ARE INADMISSIBLE

8.   Plaintiff anticipates that Defendants may seek to elicit evidence or argue that Plaintiff has been previously incarcerated.

9.   Other than the detention and incarceration challenged in this action, any alleged prior incarceration is irrelevant to liability, damages, or any issue the jury must decide.

10.   Evidence of unrelated incarceration would create a substantial risk that the jury would deny Plaintiff relief because of negative assumptions about his

past rather than evaluate the merits of the claims arising from Defendants' conduct in this case.

11. Such evidence is inadmissible under Federal Rules of Evidence 401, 402, 403, and 404(b) because it is irrelevant, unfairly prejudicial, and likely to confuse the issues.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order barring the above anticipated argument and/or evidence, and an order directing defense counsel to properly prepare their witnesses not to mention the above information.

Dated: July 21, 2026

Respectfully Submitted,

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WHITE,
  an individual,

      Plaintiff,

v.

CITY OF DETROIT
  a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official Capacities,

      Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO BAR REFERENCE TO PLAINTIFF'S PRIOR CRIMINAL HISTORY AND INCARCERATIONS**

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO BAR ARGUMENT OR EVIDENCE OR REFERENCE TO PLAINTIFF'S PRIOR CRIMINAL CONVICTIONS, ARRESTS, OR INCARCERATIONS**

NOW COMES Plaintiff, Daniel White, by and through his attorneys, Law Offices of Ivan L. Land, P.C., and submits this Brief in Support of his Motion in Limine. In support thereof, Plaintiff states as follows:

**I.      CONVICTIONS NOT PROPERLY ADMISSIBLE UNDER FED. R. EVID. 609 MUST BE EXCLUDED**

Defendants should not be permitted to introduce any criminal conviction unless they first identify the conviction and establish, outside the jury's presence, that it is admissible under Federal Rule of Evidence 609. A criminal record is not a

5

substitute for proof and cannot be used to imply that Plaintiff acted in conformity with a supposed criminal character.

Any conviction that does not concern dishonesty or a false statement has limited impeachment value. In addition, a conviction unknown to Officer Oliver during the events at issue could not have informed her assessment of probable cause or her actions toward Plaintiff. Its admission would therefore serve no legitimate purpose in deciding the claims before this jury.

## II.     ARRESTS, INVESTIGATIONS, AND LAW ENFORCEMENT CONTACT ARE IMPROPER CHARACTER EVIDENCE

Arrests and law enforcement contact are not evidence of guilt and are irrelevant under Federal Rules of Evidence 401 and 402. They are especially dangerous in a civil-rights trial arising from an allegedly unsupported arrest and prosecution because they risk shifting the jury's focus away from Defendants' conduct and toward generalized assumptions about Plaintiff.

Federal Rule of Evidence 404(b) prohibits using other acts to prove a person's character and conduct in conformity with that character. Any marginal relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury under Federal Rule of Evidence 403.

## III.    EVIDENCE OF PRIOR INCARCERATION IS IRRELEVANT AND UNFAIRLY PREJUDICIAL

6

Plaintiff anticipates that Defendants may attempt to elicit testimony or introduce evidence concerning any prior incarceration unrelated to the detention and prosecution at issue here. That information has no tendency to make any material fact regarding Defendants' conduct more or less likely. It therefore should be excluded under Federal Rules of Evidence 401, 402, and 403.

The risk of unfair prejudice is substantial. Jurors may improperly infer that Plaintiff is undeserving of relief or decide this case based on assumptions arising from incarceration history rather than the evidence. The only incarceration relevant to this action is the detention that forms the basis of Plaintiff's claims.

## IV. PRIOR INCARCERATION IS INADMISSIBLE CHARACTER EVIDENCE

Unrelated incarceration evidence would impermissibly invite the jury to infer a criminal disposition or conclude that Plaintiff acted in conformity with an assumed character. Federal Rule of Evidence 404(b) prohibits this use of other-acts evidence.

Any marginal relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury under Federal Rule of Evidence 403. Plaintiff respectfully requests an order precluding references to any unrelated incarceration and directing counsel to advise all witnesses accordingly.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order barring the above anticipated argument and/or evidence, and an order directing

defense counsel to properly prepare their witnesses not to mention the above information.


Dated: July 21, 2026                          Respectfully Submitted,

                                              /s/Ivan L. Land
                                              Ivan L. Land (P65879)
                                              Law Offices of Ivan L. Land, P.C.
                                              25900 Greenfield Rd., Suite 210
                                              Oak Park, MI 48237-1267
                                              248.968.4545 / (f) 248.968.4540
                                              ill4law@aol.com
                                              Attorney for PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the

Clerk of the Court via CM/ECF on July 21, 2026, to serve all parties.


Dated: July 21, 2026                                  Respectfully Submitted,

                                                /s/Ivan L. Land
                                                Ivan L. Land (P65879)
                                                Law Offices of Ivan L. Land, P.C.
                                                25900 Greenfield Rd., Suite 210
                                                Oak Park, MI 48237-1267
                                                248.968.4545 / (f) 248.968.4540
                                                ill4law@aol.com
                                                Attorney for PLAINTIFF

9