# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DANIEL WHITE,**

                                                       Hon. Mark A. Goldsmith
                                                       Case No.: 25-cv-10306

         Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and**
**LASHAUNTIA OLIVER,**

         Defendant.

| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
|---|---|
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO CHIEF WHITE PRESS CONFERENCE; TO PREVENT PLAINTIFF FROM REQUESTING AN AWARD OF PUNITIVE DAMAGES; TO EXCLUDE ARGUMENT REGARDING THE VALUE OR IMPORTANCE OF CONSTITUTIONAL RIGHTS; TO EXCLUDE REFERENCE TO PAST OR SUBSEQUENT BAD ACTS; and TO EXCLUDE REFERENCE TO NEWSPAPER ARTICLES AND OTHER MEDIA REPORTS REGARDING INCIDENTS INVOLVING ALLEGATIONS OF POLICE MISCONDUCT**

## I.    Chief White Press Conference

Defendant moves to preclude Plaintiff from offering testimony, evidence, or argument at trial related to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment. Any such evidence should be excluded because it is irrelevant, confuses the issues, is misleading to the jury, and any probative value is substantially outweighed by unfairly prejudicial risk. FRE 401-403.

In support of his argument that there was a lack of probable cause to support the prosecution of Plaintiff, Plaintiff's Response to Defendant's Motion for Summary Judgement states "[t]his is further confirmed by Chief White's statements regarding the lack of investigation in this case" and attaches as an exhibit the referenced Chief White Press Conference. See ECF No. 27, PageId. 673; ECF No. 27-6. Defendant anticipates Plaintiff intends to reference the same at trial.

FRE 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Evidence that is not relevant is not admissible. FRE 402. The referenced Chief White Press Conference is irrelevant because it pertains entirely to the use of facial recognition technology and the use of photographs generated by facial recognition technology in photo line ups to identify suspects. While it is about a lady incorrectly identified as a suspect in the same crime

2

that Plaintiff was identified as a suspect in, it makes no mention of Plaintiff and Plaintiff was not identified in the same manner as the lady that the press conference discusses. The press conference also discusses the importance of having corroborating evidence in addition to a photo lineup identification for the purpose of probable cause. In the matter at hand, Plaintiff was subjected to a traffic investigation and detained while driving the relevant stolen vehicle, admitted to knowing the correct lady suspect, and was identified by the victim in a photo lineup utilizing Plaintiff's image that was not generated by facial recognition technology. The referenced press conference does not amount to evidence of there being a lack of probable cause to support the prosecution of Plaintiff and is wholly irrelevant to Plaintiff's claims.

Even relevant evidence should be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. The use of facial recognition technology and photo lineups created from facial recognition technology are not issues for trial in this matter and any reference to the same would confuse the issues and mislead the jury. Further, any reference to the Chief White Press Conference would indubitably be given more consideration than warranted under any purpose

3

Plaintiff may seek to present it for. Additionally, it would inappropriately appeal to the jury's sympathies.

## II.      Punitive Damages

Defendant moves to prohibit Plaintiff from introducing testimony or evidence, or referencing punitive damages or that the conduct of the Defendant Officer was either motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of the Plaintiff. With respect to the claims against the Defendant Officer, the law regarding whether to submit a claim for punitive damages and when they are warranted is clear: "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). In the present case, Plaintiff has failed to illustrate through admissible proof that the conduct of the Defendant Officer was either motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of the Plaintiff.

## III.      Value or Importance of Constitutional Rights

Plaintiff should be precluded from asserting an amount of damages based on the value or importance of the constitutional rights at stake in this civil action. "[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are

caused by the deprivation of constitutional rights." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) [internal quotation marks omitted]. "[T]he abstract value of a constitutional right may not form the basis for § 1983 damages." *Id.* at 308. Plaintiff cannot request that the jury make a determination of damages outside of those that may be recovered. *Pegg v. Herrnberger*, No. 5:13CV173, 2016 WL 7033171, at *1 (N.D.W. Va. Dec. 1, 2016). Plaintiff may recover only actual damages under § 1983. To the extent Plaintiff seeks to assert damages based on the importance of the constitutional rights at stake, any such evidence must be excluded in accordance with FRE 401-403 because it is irrelevant and any probative value is substantially outweighed by the risk of unfair prejudice.

## IV. Prior or Subsequent Bad Acts

Defendant moves to preclude Plaintiff from presenting evidence, argument, or comment from any source whatsoever, regarding: other civil lawsuits; criminal allegations, charges or convictions; citizen complaints; investigation requests; declaratory actions entered against any of the Defendant Police Officers by any state or federal court enjoining the Officers from engaging in any conduct, or requiring that they change their conduct, practice, policy, or procedure; any disciplinary investigations and Internal Affairs and/or Professional Standards investigations and actions regarding the Defendant Police Officers' conduct; any terminations, suspension, removals, lay-offs, reductions in rank, reprimands, disciplines, or

warnings concerning any employment activities or conduct whatsoever regarding the Defendant Police Officers, the Detroit Police Department generally, or Defendants' witnesses.

Plaintiff has filed this suit alleging a violation of his civil rights seeking redress pursuant to the provisions of 42 USC §1983. Any references to prior or subsequent officer misconduct, disciplinary history, misconduct investigations [including the internal Police Department investigation(s) of the incident alleged in Plaintiff's Complaint], other civil lawsuit filings, findings, settlements, and pay-outs, and administrative and legislative hearings or findings must be excluded as irrelevant. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Such testimony would also be unfairly prejudicial, improper character evidence, impermissible evidence of compromise, based on lack of personal knowledge by investigators, and inadmissible hearsay pursuant to Fed. R. Evid. 401-403, Fed. R. Evid. 404(a), Fed. R. Evid. 408, Fed. R. Evid. 602, and Fed. R. Evid. 802.

V. **Newspaper Article and Other Media Regarding Incidents Involving Allegations of Police Misconduct**

Defendant moves to preclude Plaintiff from presenting evidence, argument, or comment from any source whatsoever, regarding news articles or other journalist publications related to other allegations of police misconduct and/or the named defendant officers.  Defendant speculates that Plaintiff and/or his witnesses may refer to news articles/stories/events about allegations of wrongful conduct by the Individual Defendants, the Detroit Police Department, or law enforcement generally.

The Court should exclude all such testimony on several grounds. First, any such evidence would have no relevance to the issues in this case. Every set of facts is unique; what may have happened on a single occasion in another citizen encounter has no relevance to the allegations set forth by Plaintiff.  Additionally, pursuant to Fed. R. Evid. 401, evidence is not considered relevant unless (1) it has a tendency to prove or disprove a fact, and (2) that fact is of some consequence in the context of the other facts and the applicable substantive law.  Any evidence regarding other cases in which the Individual Defendant, the Detroit Police Department, or law enforcement generally, were accused of any malfeasance would be irrelevant to the facts of this case, and the evidence must be prohibited.

Under Fed. R. Evid. 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Any references to media reports of

7

such other incidents should be prohibited under the evidence rules relating to relevance, reliability and hearsay, including but not limited to Fed. R. Evid. 401, 602, 603, 612, 701, 801-805, and 901.

At trial, Plaintiff may reference or attempt to admit into evidence media articles pertaining to other incidents involving allegations of police misconduct. Media articles are generally considered hearsay under Fed. R. Evid. 801(c) because they are offered to prove the truth of the matter asserted.[1] "Even when the actual statements quoted in a[n] ... article constitute non-hearsay, or fall within a hearsay exception, their repetition in the newspaper [or other media source] creates a hearsay problem. Thus, statements in [articles] often constitute double hearsay."[2]

---

[1] *Green v. Baca,* 226 F.R.D. 624, 637 (C.D. Cal. 2005). Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted. See *U.S. ex rel. Woods v. Empire Blue Cross and Blue Shield,* 2002 WL 1905899, *1, n. 1 (S.D.N.Y. April 19, 2002); *In re Columbia Securities Litigation,* 155 F.R.D. 466, 474 (S.D.N.Y.1994) [holding that press reports were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted). Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. See *Larez, supra,* 946 F.2d at 642 (9th Cir 1991) ["As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem"].

[2] *Id.* at 637-38. See also, *United States Football League v. Nat'l Football League,* 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986) (holding that statements of belief by unknown declarants reiterated in a newspaper article constituted hearsay within hearsay).

In the present case, any media articles Plaintiff may seek to introduce are double hearsay and should be excluded from this trial. Even if Plaintiff were to assert the articles are admissible under the residual hearsay exception found in Rule 807, his argument must fail. Fed. R. Evid. 807 provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

Fed. R. Evid. 402 provides in relevant part, "[e]vidence which is not relevant is not admissible." Articles about, or discussions concerning, unrelated incidents involving allegations of police misconduct do not establish that Plaintiff was subjected to a constitutional violation.

9

Assuming, however, the Court were to find any articles are relevant to this case, they must still be excluded under Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Applying Fed. R. Evid. 403 here, the Court should conclude the articles are more prejudicial than probative because they are inaccurate, inflammatory, and based on innuendo, hearsay and speculation. Moreover, any articles concerning unrelated incidents will confuse the issues, mislead the jury, cause undue delay and waste time because the articles need to be explained and reporters may need to testify about them. Accordingly, this Court should deny Plaintiff's request to introduce into evidence any articles about the underlying incident or prior instances of alleged police misconduct.

Defendant sought concurrence in the relief stated in this motion by electronic mail to Plaintiff on July 17, 2026. Plaintiff did not respond prior to the filing of this motion.

Wherefore, Defendant respectfully requests that this Honorable Court grant their motion and enter an order precluding Plaintiff from offering testimony, evidence, or argument at trial related to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment;

prohibiting Plaintiff from introducing testimony or evidence, or referencing punitive damages or that the conduct of the Defendant Officer was either motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of the Plaintiff; precluding Plaintiff from asserting an amount of damages based on the value or importance of the constitutional rights at stake in this civil action; precluding reference to any past or subsequent negligence, bad acts, or crimes of the Defendant as well as any internal investigations or lack thereof of the Defendant; and precluding any reference or discussion regarding evidence of, or reference to, unrelated incidents involving allegations of police misconduct, consent decree, or police/public relations or perceptions generally.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

11

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DANIEL WHITE,**

Hon. Mark A. Goldsmith
Case No.: 25-cv-10306

  Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and**
**LASHAUNTIA OLIVER,**

  Defendant.

---

| | |
|---|---|
| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

12

**Concise Statement of Issues Presented**

Should this Court exclude reference to the Chief White Press Conference relied upon in Plaintiff's Response to Defendant's Motion for Summary Judgment?

Defendant's Answer: Yes

Should this Court prevent Plaintiff from requesting punitive damages?

Defendant's Answer: Yes

Should this Court exclude arguments regarding the value of constitutional rights?

Defendant's Answer: Yes

Should this Court exclude reference to any past or subsequent negligence, bad acts, or crimes of the Defendant as well as any internal investigations of the Defendant?

Defendant's Answer: Yes

Should this Court preclude any reference or discussion regarding evidence of, or reference to, unrelated incidents involving allegations of police misconduct, consent decree, or police/public relations or perceptions generally?

Defendant's Answer: Yes

**Controlling Authority**

Rules:

Fed. R. Evid. 401-404

Fed. R. Evid. 408

Fed. R. Evid. 602

Fed. R. Evid. 603

Fed. R. Evid. 612

Fed. R. Evid. 701

Fed. R. Evid. 801-805

Fed. R. Evid. 901

Cases:

*Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986)

*Green v. Baca,* 226 F.R.D. 624 (C.D. Cal. 2005)

*Hodge v. City of Elyria,* 126 Fed. Appx. 222 (6th Cir. 2005)

*Memphis Cnty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)

*Pegg v. Herrnberger*, No. 5:13CV173, 2016 WL 7033171 (N.D.W.Va. Dec. 1, 2016)

*Smith v. Wade*, 461 U.S. 30 (1983)

*United States Football League v. Nat'l Football League,* 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986)

14

For their brief, Defendant relies upon the facts and law presented in their motion.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department

### Certificate of Service

I hereby certify that on July 22, 2026, the foregoing was served on counsel of record via the court's ECF system.

**Chelsea M. Grimaldi (P85585)**

15