# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DANIEL WHITE,**

          Plaintiff,

-v-

~~**CITY OF DETROIT**~~ **and**
**LASHAUNTIA OLIVER,**

          Defendant.

          Hon. Mark A. Goldsmith
          Case No.: 25-cv-10306

| **Ivan L. Land Sr. (P65879)** | **Chelsea M. Grimaldi (P85585)** |
|---|---|
| Law Officers of Ivan L. Land, P.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorney for Defendant |
| 25900 Greenfield Road, Suite 210 | Two Woodward Avenue, Suite 500 |
| Oak Park, MI 48237 | Detroit, MI 48226 |
| (248) 968-4545 | (313) 237-5036 |
| Ill4law@aol.com | chelsea.grimaldi@detroitmi.gov |

**Defendant's Brief in Response to Plaintiff's Motion in Limine
To Bar Argument or Evidence or Reference to Plaintiff's
Prior Criminal Convictions, Arrests, or Incarcerations**

Contents

Contents ……………………………………………………………… 2

Statement of Questions Presented ……………………………………… 3

Index of Authorities …………………………………………………….. 4

Introduction ……………………………………………………………... 5

Analysis ……………………………………………………………. 5

    I.    Plaintiff's motion in limine must be denied because his prior convictions, arrests, and incarcerations are appropriate impeachment evidence and relevant to the facts and claims in this matter…….. 5

Conclusion ………………………………………………………….7

Statement of Questions Presented

I.     Should Plaintiff's Motion in Limine be denied?

Defendant answers "yes."

Index of Authorities

Rules

FRE 401- 404

FRE 609

## Introduction

Plaintiff seeks to have any argument, evidence or reference to his prior criminal convictions, arrests, and incarcerations excluded from trial. This case arises out of Plaintiff's arrest for carjacking and armed robbery after he was subjected to a traffic investigation while driving a vehicle that had been reported stolen. Prior to the relevant arrest, Plaintiff had previously been convicted of three or more felonies or attempts to commit felonies, including convictions of the offenses of Armed Robbery, Carjacking, and Felony Firearm. See Exhibit AA to Defendant's Motion for Summary Judgment. Plaintiff's habitual offender status and previous convictions were included in the relevant warrant documents. See Exhibit AA to Defendant's Motion for Summary Judgment. Plaintiff has three remaining claims: fabrication of evidence, malicious prosecution, and intentional infliction of emotional distress. Plaintiff's motion in limine must be denied because his prior convictions, arrests, and incarcerations are relevant to the facts and claims in this matter and appropriate impeachment evidence.

## Analysis

**Plaintiff's motion in limine must be denied because his prior convictions, arrests, and incarcerations are appropriate impeachment evidence and relevant to the facts and claims in this matter.**

Under FRE 609(a)(1)(A), Plaintiff's prior felony convictions must be admitted, subject to Rule 403, for impeachment purposes. Insofar as Plaintiff's

5

motion argues that convictions that do not involve a dishonest act have little bearing on truthfulness, it is not the element of honesty that triggers admissibility under FRE 609. Plaintiff's credibility will be at issue at trial if he testifies and the fact of his prior convictions has bearing on Plaintiff's credibility. By enacting FRE 609, the United States Congress has determined that felony convictions are relevant to the witness's credibility for truthfulness. See generally, *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 511-524 (1989) (providing legislative history of FRE 609).

Under FRE 403, evidence of Plaintiff's prior felony convictions must be excluded if its probative value is substantially outweighed by unfair prejudice. Evidence of Plaintiff's criminal history is probative as to Plaintiff's credibility as a witness and his claim for mental pain and suffering. Any prejudice by the use of Plaintiff's prior convictions to assess credibility does not amount to unfair prejudice.

Plaintiff was convicted of armed robbery, carjacking, and felony firearm on September 22, 1998. He was confined for five years. Because more than 10 years have passed since Plaintiff's conviction and release from confinement, FRE 609(b)(1) requires its probative value substantially outweigh its prejudicial effect. For the same reasons that Rule 403 does not require exclusion of Plaintiff's prior felony convictions, FRE 609(b)(1) does not require exclusion of Plaintiff's prior

6

felony convictions. Plaintiff's credibility is impeachable because he has been convicted of crimes of theft in the past.

Plaintiff's motion next argues that use of Plaintiff's criminal history to prove his character and conduct in conformity with that character is prohibited by FRE 404(b). Defendant will not be submitting past convictions as evidence of Plaintiff's bad character but to impeach his credibility. Further, FRE 404(b)(2) allows evidence of criminal history for other purposes. Accordingly, any use of Plaintiff's criminal history in this matter is not prohibited by FRE 404.

The fact that Plaintiff's criminal history includes convictions and incarceration for the same crimes that Plaintiff's arrest giving rise to this lawsuit was for is of consequence in determining this action and is therefore relevant under FRE 404. If for no other reason, it is relevant to Plaintiff's alleged damages which include mental pain and suffering. Any evidentiary issues and admissibility questions related to Plaintiff's criminal history should be resolved as they arise at trial.

## Conclusion

Because Plaintiff's prior convictions, arrests, and incarcerations are relevant to the facts and claims of this matter and appropriate impeachment evidence, denial of Plaintiff's Motion in Limine in its entirety is appropriate.

Wherefore, Defendants request that this Court deny Plaintiff's motion in

limine.

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department
Attorney for Defendant
chelsea.grimaldi@detroitmi.gov

August 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification and a copy of this filing to the parties of record. Additionally, an electronic copy was sent to Plaintiff at the address indicated above.

/s/ Chelsea Grimaldi