**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WHITE,
 an individual,

        Plaintiff,

v.

CITY OF DETROIT
 a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official Capacities,

        Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith
Hon. Curtis Ivy, Jr.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

NOW COMES Plaintiff, Daniel White, by and through his attorneys, Law Offices of Ivan L. Land, P.C., and responds to Defendant's Motion in Limine at ECF No. 44. Plaintiff states as follows:

LOCAL RULE CERTIFICATION: I, Ivan L. Land, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for

1

proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

1.     Defendant did not comply with the concurrence requirement and omitted the required Local Rule Certification. Plaintiff notes these filing defects and addresses the merits below.

2.     Although the Chief White press conference concerned the same reported crime and addressed the need for corroborating evidence, Plaintiff does not oppose exclusion under Federal Rules of Evidence 401, 402, and 403 in order to streamline the presentation of evidence and avoid collateral issues concerning facial-recognition technology and the investigation of another suspect.

3.     Plaintiff opposes Defendant's request to remove punitive damages before the jury hears the evidence. Evidence of Defendant's intent and state of mind is relevant under Federal Rule of Evidence 401 and admissible under Rule 402, subject to Rule 403. The remaining fabrication-of-evidence and malicious-prosecution claims permit the jury to decide whether Defendant acted intentionally or with reckless or callous indifference to Plaintiff's federal rights.

4.     Plaintiff agrees that compensatory damages may not be calculated by assigning a numerical value to the abstract importance of a constitutional right

because such an abstract valuation is not a proper measure of damages under Federal Rules of Evidence 401 and 402. Plaintiff opposes any broader restriction because the constitutional rights defining liability and Defendant's state of mind are relevant under Rules 401 and 402 and are not subject to categorical exclusion under Rule 403.

5. Plaintiff does not oppose Defendant's request to exclude reference to prior or subsequent bad acts, citizen complaints, disciplinary histories, misconduct investigations, other civil lawsuits, or related findings under Federal Rules of Evidence 401 through 404, 408, 602, and 802.

6. Plaintiff does not oppose exclusion of newspaper articles and other media reports concerning unrelated incidents of police misconduct under Federal Rules of Evidence 401 through 403 and 801 through 805.

WHEREFORE, Plaintiff respectfully requests that the Court strike Defendant's Motion for failure to comply with the concurrence requirement and the required Local Rule Certification. Alternatively, Plaintiff requests that the Court grant Sections I, IV, and V of Defendant's Motion; deny Section II concerning punitive damages; and grant Section III only to preclude Plaintiff from seeking compensatory damages for the abstract value of a constitutional right, while preserving Plaintiff's right to address liability and punitive damages.

Dated: August 4, 2026                          Respectfully Submitted,

/s/ Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WHITE,
 an individual,

       Plaintiff,

v.

CITY OF DETROIT
 a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official Capacities,

       Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith
Hon. Curtis Ivy, Jr.

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S**
**MOTION IN LIMINE**

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S</u>**
**<u>MOTION IN LIMINE</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................6

ISSUES PRESENTED .......................................................................................7

TABLE OF AUTHORITY ..................................................................................8

ARGUMENT .....................................................................................................9

    I.    DEFENDANT DID NOT COMPLY WITH THE CONCURRENCE
REQUIREMENT OR LOCAL RULE CERTIFICATION ...................................9

    II.    PLAINTIFF DOES NOT OPPOSE EXCLUSION OF THE CHIEF
WHITE PRESS CONFERENCE .........................................................................9

    III.    PUNITIVE DAMAGES SHOULD REMAIN FOR THE JURY'S
CONSIDERATION .............................................................................................9

    IV.    PLAINTIFF WILL NOT ASSIGN AN ABSTRACT COMPENSATORY
VALUE TO CONSTITUTIONAL RIGHTS ......................................................11

    V.    PLAINTIFF DOES NOT OPPOSE EXCLUSION OF PRIOR OR
SUBSEQUENT BAD ACTS AND INVESTIGATIONS..................................11

    VI.    PLAINTIFF DOES NOT OPPOSE EXCLUSION OF UNRELATED
MEDIA REPORTS .............................................................................................12

CONCLUSION .................................................................................................12

**ISSUES PRESENTED**

I.   **DID DEFENDANT COMPLY WITH THE CONCURRENCE REQUIREMENT AND INCLUDE THE REQUIRED LOCAL RULE CERTIFICATION?**

Plaintiff answers no.

II.  **SHOULD THIS COURT EXCLUDE REFERENCE TO THE CHIEF WHITE PRESS CONFERENCE RELIED UPON IN PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT?**

Plaintiff does not oppose the requested exclusion.

III. **SHOULD THE COURT PREVENT PLAINTIFF FROM REQUESTING PUNITIVE DAMAGES BEFORE THE JURY HEARS THE EVIDENCE CONCERNING DEFENDANT'S STATE OF MIND?**

Plaintiff answers no.

IV.  **SHOULD THE COURT PROHIBIT PLAINTIFF FROM ASSIGNING AN ABSTRACT COMPENSATORY VALUE TO CONSTITUTIONAL RIGHTS WHILE PERMITTING DISCUSSION OF THE RIGHTS THAT DEFINE LIABILITY AND PUNITIVE DAMAGES?**

Plaintiff agrees only to the limited extent stated below.

V.   **SHOULD THE COURT EXCLUDE PRIOR OR SUBSEQUENT BAD ACTS, CITIZEN COMPLAINTS, DISCIPLINARY HISTORIES, AND MISCONDUCT INVESTIGATIONS?**

Plaintiff does not oppose the requested exclusion.

VI.  **SHOULD THE COURT EXCLUDE NEWSPAPER ARTICLES AND OTHER MEDIA REPORTS CONCERNING UNRELATED INCIDENTS OF POLICE MISCONDUCT?**

Plaintiff does not oppose the requested exclusion.

# TABLE OF AUTHORITY

**Cases**

*King v. Zamiara*, 788 F.3d 207, 213, 216 (6th Cir. 2015)......................................11

*Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986).........11

*Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021).........................................................................................................10, 11

*Smith v. Wade*, 461 U.S. 30, 56 (1983) ...................................................................10

**Rules**

Federal Rules of Evidence 401......................................................................9, 10, 11

Federal Rules of Evidence 402.........................................................................9, 10

Federal Rules of Evidence 403......................................................................9, 10, 11

## ARGUMENT

## I. DEFENDANT DID NOT COMPLY WITH THE CONCURRENCE REQUIREMENT OR LOCAL RULE CERTIFICATION

Defendant did not comply with the concurrence requirement and omitted the required Local Rule Certification. The Motion should therefore be stricken. Plaintiff nevertheless addresses the merits below.

## II. PLAINTIFF DOES NOT OPPOSE EXCLUSION OF THE CHIEF WHITE PRESS CONFERENCE

Plaintiff previously cited the Chief White press conference because it concerned the same reported crime, the other person accused in that crime, and Chief White's discussion of the need for corroborating evidence. The press conference therefore was not wholly unrelated to the investigation giving rise to Plaintiff's claims. Plaintiff does not oppose its exclusion at trial under Federal Rules of Evidence 401, Federal Rules of Evidence 402, and Federal Rules of Evidence 403. Although the press conference had contextual relevance, exclusion will narrow the presentation of evidence.

## III. PUNITIVE DAMAGES SHOULD REMAIN FOR THE JURY'S CONSIDERATION

Punitive damages are available under 42 U.S.C. § 1983 when a defendant's conduct is motivated by evil motive or intent or involves reckless or callous

indifference to federally protected rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Evidence bearing on Defendant's intent and state of mind satisfies Federal Rule of Evidence 401 because it makes the punitive-damages question more or less probable, and Rule 402 permits relevant evidence unless another rule excludes it. Defendant has not shown that all such evidence is categorically inadmissible under Rule 403 before trial. Defendant's argument that Plaintiff has not yet established the required state of mind asks the Court to decide a disputed trial issue before the jury hears the evidence.

Plaintiff's remaining federal claims include fabrication of evidence and malicious prosecution. If the jury finds that Defendant knowingly fabricated evidence, intentionally supplied false or misleading information, or acted with reckless or callous indifference to Plaintiff's federal rights, the same evidence may support punitive damages. The ultimate state-of-mind determination should be made after the liability evidence is presented.

In *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284, at \*6 (E.D. Mich. July 15, 2021) the court denied a pretrial request to remove punitive damages because the ultimate state-of-mind question remained for the jury. Although *Slappy* involved a different surviving constitutional claim, the same procedural principle applies here. Defendant may challenge the sufficiency of Plaintiff's evidence after the evidence is presented, but punitive damages should not be eliminated in limine.

IV.     **PLAINTIFF WILL NOT ASSIGN AN ABSTRACT COMPENSATORY VALUE TO CONSTITUTIONAL RIGHTS**

Plaintiff agrees with the narrow rule stated in *Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986). Under Federal Rules of Evidence 401 and 402, the abstract value or importance of a constitutional right is not a proper measure of compensatory damages. Plaintiff will not ask the jury to assign damages on that basis.

A broader prohibition is not warranted. The constitutional rights at issue define the elements the jury must decide, and intentional or reckless disregard of those rights is relevant to punitive damages under Federal Rule of Evidence 401. Rule 403 does not support categorical exclusion because explaining the governing rights is necessary to present Plaintiff's claims and punitive-damages theory. *King v. Zamiara*, 788 F.3d 207, 213, 216 (6th Cir. 2015). *Slappy* applied the same distinction by prohibiting a numerical value for abstract rights while allowing discussion of the importance of the jury's responsibility to determine constitutional liability. *Slappy* at *7. The Court should enter the same limited ruling here.

V.      **PLAINTIFF DOES NOT OPPOSE EXCLUSION OF PRIOR OR SUBSEQUENT BAD ACTS AND INVESTIGATIONS**

Plaintiff does not oppose Defendant's request to exclude reference to prior or subsequent bad acts, citizen complaints, disciplinary histories, misconduct

11

investigations, other civil lawsuits, or related findings under Federal Rules of Evidence 401 through 404, 408, 602, and 802. Plaintiff will not offer those matters at trial.

## VI. PLAINTIFF DOES NOT OPPOSE EXCLUSION OF UNRELATED MEDIA REPORTS

Plaintiff does not oppose exclusion of newspaper articles, television reports, or other media concerning unrelated incidents of police misconduct under Federal Rules of Evidence 401 through 403 and 801 through 805. Plaintiff likewise does not oppose exclusion of the Chief White press conference for the reasons stated above.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court strike Defendant's Motion for failure to comply with the concurrence requirement and the required Local Rule Certification. Alternatively, Plaintiff requests that the Court grant Defendant's requests concerning the Chief White press conference, prior or subsequent bad acts and investigations, and unrelated media reports; deny Defendant's request to preclude punitive damages; and grant the constitutional-rights request only to the limited extent stated in Stachura.

Dated: August 4, 2026                              Respectfully Submitted,

                                                              /s/ Ivan L. Land
                                                              Ivan L. Land (P65879)

12

Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

Dated: August 4, 2026

Respectfully Submitted,

/s/ Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF