**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WHITE,
 an individual,

        Plaintiff,

v.

CITY OF DETROIT
 a municipal corporation,

LaSHAUNTIA OLIVER,
City of Detroit Police Officer,
Individually, and in her Official Capacities,

        Defendants.

Case No. 2:25-cv-10306
Hon. Mark A. Goldsmith
Hon. Curtis Ivy, Jr.

**PLAINTIFF'S REPLY TO**
**DEFENDANT'S RESPONSE**
**TO PLAINTIFF'S MOTION**
**IN LIMINE**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION IN LIMINE**

LOCAL RULE CERTIFICATION: I, Ivan L. Land, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

NOW COMES Plaintiff, Daniel White, by and through his attorneys, Law Offices of Ivan L. Land, P.C., and submits this Reply to Defendant's Response at

ECF No. 45. Defendant confirms that the convictions at issue are from 1998, that Plaintiff was confined for approximately five years, and that the convictions include armed robbery and carjacking, the same core offenses underlying the arrest challenged here. ECF No. 45, PageID.961-963. Those facts require exclusion under Federal Rules of Evidence 403, 404, and 609(b).

## I.   DEFENDANT'S RESPONSE DOES NOT COMPLY WITH ECF NO. 9

The Court's case-specific Order requires every response and brief to include the prescribed Local Rule certification. ECF No. 9, PageID.121-122. Defendant's Response and Brief contain no certification. The Order warns that noncompliance may result in sanctions and striking. Plaintiff brings the defect to the Court's attention but addresses the merits so that Plaintiff's Motion may be decided without delay.

## II.   RULE 609(b), NOT THE ORDINARY RULE 403 STANDARD, CONTROLS THE 1998 CONVICTIONS

Defendant begins with Rule 609(a)(1)(A) and argues that felony convictions are generally admissible in a civil case subject to Rule 403. However, Rule 609(b), supplies a materially stricter standard when more than ten years have passed since the later of conviction or release from confinement. Even accepting Defendant's account that Plaintiff was confined for five years after September 22, 1998, more than twenty years have passed since his release.

Under Rule 609(b), the convictions may be admitted only if their probative value, supported by specific facts and circumstances, substantially outweighs their

2

prejudicial effect. The Sixth Circuit instructs that convictions more than ten years old should be admitted very rarely and only in exceptional circumstances. *United States v. Collins*, 799 F.3d 554, 571 (6th Cir. 2015); *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990). The Court must make an on-the-record finding and consider the impeachment value, age, subsequent history, similarity to the present allegations, importance of the testimony, and centrality of credibility. *Collins* at 571.

Defendant applies the ordinary Rule 403 formulation and says exclusion is required only when prejudice substantially outweighs probative value. ECF No. 45, PageID.962. *Collins* holds that using that more permissive standard for a stale conviction turns Rule 609(b) on its head. *Collins* at 571-572. Defendant has not identified exceptional circumstances or carried the governing burden.

## III.   THE CONVICTIONS HAVE LITTLE IMPEACHMENT VALUE AND EXTRAORDINARY PREJUDICIAL FORCE

Armed robbery, carjacking, and felony firearm do not require proof of a dishonest act or false statement within Rule 609(a)(2). Defendant's generalized assertion that they are crimes of theft does not establish exceptional circumstances under Rule 609(b), especially after more than two decades.

Similarity weighs decisively against admission. The jury will decide claims arising from Plaintiff's arrest and prosecution for carjacking and armed robbery. Telling the jury that Plaintiff was previously convicted of those same offenses creates an unfair risk that the jury will infer that Plaintiff committed the charged

conduct again or is undeserving of relief. **Rule 609 does not make the convictions substantive proof of guilt, and Rule 404(b)(1) forbids using them to prove character and conduct in conformity with that character.**

In *Slappy*, another civil-rights action against Detroit police officers, the Court excluded prior arrests and convictions where their proposed use would amount to propensity evidence, notwithstanding the defendants' contention that the evidence could affect non-economic damages. *Slappy v. City of Detroit,* No. 19-10171, 2021 U.S. Dist. LEXIS 131929, at 3 (E.D. Mich. July 15, 2021) The danger is even greater here because the stale convictions mirror the crimes involved in the challenged arrest.

## IV.      RULE 609 DOES NOT AUTHORIZE EVIDENCE OF ARRESTS OR INCARCERATIONS

Defendant repeatedly groups convictions, arrests, and incarcerations together. Rule 609 concerns convictions. An arrest is not proof that misconduct occurred, and the fact of incarceration adds nothing beyond a conviction except additional stigma. Defendant identifies no rule permitting unrelated arrests or incarceration history to impeach Plaintiff. *Slappy* held that prior arrests could not be admitted merely to invite a propensity inference. *Slappy* at 3.

Plaintiff's request for mental-pain-and-suffering damages does not open his entire criminal history either. Defendant identifies no particular prior arrest or incarceration, no resulting condition, and no specific overlap with an injury claimed

here. A categorical reference would encourage the jury to reduce damages because Plaintiff has been imprisoned before, not because of competent evidence concerning the injury caused by Defendant.

## V.      WARRANT DOCUMENTS MAY BE REDACTED, AND ANY PROFFER MUST OCCUR OUTSIDE THE JURY'S PRESENCE

Defendant states that the prior convictions and habitual-offender status appeared in warrant documents. ECF No. 45, PageID.961. Their appearance in a larger document does not override the Rules of Evidence. Any warrant packet offered at trial may be redacted. Plaintiff's fabrication and malicious-prosecution claims concern whether false or misleading information was supplied and whether probable cause existed for this prosecution. A decades-old conviction does not establish that Plaintiff committed a new offense.

At minimum, Defendant must make a specific proffer outside the jury's presence identifying each conviction, the precise non-propensity purpose, the supporting facts, and why Rule 609(b)'s heightened standard is met. Any permitted impeachment should be limited to the least prejudicial form and accompanied by a limiting instruction.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine and bar reference to Plaintiff's prior convictions, arrests, and incarcerations. Alternatively, Plaintiff requests an evidentiary hearing outside the jury's presence, application of Rule 609(b), redaction of criminal-history material

from otherwise admissible documents, and an order prohibiting disclosure of offense

names or details without further leave of Court.


Dated: August 7, 2026                    Respectfully Submitted,

                                         /s/ Ivan L. Land
                                         Ivan L. Land (P65879)
                                         Law Offices of Ivan L. Land, P.C.
                                         25900 Greenfield Rd., Suite 210
                                         Oak Park, MI 48237-1267
                                         248.968.4545 / (f) 248.968.4540
                                         ill4law@aol.com
                                         Attorney for PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

Dated: August 7, 2026    Respectfully Submitted,

        /s/Ivan L. Land
        Ivan L. Land (P65879)
        Law Offices of Ivan L. Land, P.C.
        25900 Greenfield Rd., Suite 210
        Oak Park, MI 48237-1267
        248.968.4545 / (f) 248.968.4540
        ill4law@aol.com
        Attorney for PLAINTIFF